IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAZE RICHARDSON, | * | |
| Petitioner, | * | |
| v. | * | Crim. Action No. ELH-14-0288 |
| | | Civ. Action No. ELH-16-2163 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

On November 3, 2014, Chaze Richardson, Petitioner, pled guilty to Count One of an Indictment charging distribution and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). ECF 20; ECF 21 (Plea Agreement). In particular, the plea was entered under Rule 11(c)(1)(C), in which the parties jointly agreed to recommend a sentence of 84 months of imprisonment. ECF 21, ¶ 9.

Sentencing was held on the same date, at the request of the defendant. ECF 23; ECF 24 (Judgment); ECF 28 (Transcript), at 37-42. Of relevance here, the Court determined at sentencing that Petitioner qualified as a career offender, pursuant to § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). That determination was based upon review of a preplea criminal history report that included two prior felony convictions in the Circuit Court for Baltimore City. One was a felony drug offense, *i.e.*, possession with intent to distribute. The other was an attempted robbery. ECF 28 at 43-45. Notably, the Court asked defense counsel if there was any dispute as to the career offender status, and defense counsel stated that defendant did not contest that determination. *Id.* at 45; *see also id.* at 51.

1

Accordingly, the Court found that Petitioner's advisory sentencing guideline range called for a period of imprisonment ranging between 151 and 188 months. ECF 28 at 46; *see also* ECF 25 (Statement of Reasons). However, in accordance with the Plea Agreement, the Court sentenced Petitioner to a term of imprisonment of 84 months. ECF 24.

Subsequently, in *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. On June 16, 2016, the Office of the Federal Public Defender ("FPD") then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. ECF 30.

On March 6, 2017, however, the Supreme Court held in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), that the advisory guidelines are not subject to *Johnson* challenges. Subsequent to that decision, on August 19, 2017, the FPD asked Petitioner, in light of *Beckles*, whether he wanted to withdraw his Petition. ECF 31 at 2, 3. Petitioner was also advised that if the FPD's request to withdraw as counsel is granted, Petitioner would be proceeding without counsel. *Id.* at 3. Petitioner did not respond. *Id.* On September 18, 2018, the FPD filed a Motion to Withdraw as Counsel (ECF 31), which this Court granted. ECF 32.

Pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF 30. The government did not respond. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016); 28 U.S.C. § 2255(b). For the reasons stated herein, Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF 30) is DENIED.

## DISCUSSION

Petitioner claims that under *Johnson*, Petitioner does not qualify as a career offender because his prior attempted robbery conviction is not a crime of violence, and the career offender provision in U.S.S.G § 4B1.2(a) is void for vagueness. ECF 30 at 1-2.

In light of *Beckles*, this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF 30) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF 30) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claims debatable. Therefore, a certificate of appealability is DENIED.[1]

A separate Order follows.


Dated: September 22, 2017 /s/
Ellen L. Hollander
United States District Judge

---

[1] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.